UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ALLISON,

       Plaintiff,

                                    Case No. 04-72676

v.

                                    Hon. John Corbett O'Meara

INTERNAL REVENUE SERVICE,

       Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

       Plaintiff filed this action on July 19, 2004.  In his complaint, Plaintiff alleges that the Internal Revenue Service refused to grant him a personal exemption for his wife, from 1993 to 1999.  The court issued an order to show cause why the case should not be dismissed for failure to prosecute on March 28, 2005.  Plaintiff responded to the order to show cause on April 20, 2005, and a submitted a certificate of service demonstrating that he mailed his complaint to the IRS appeals office in Detroit, Michigan, on June 1, 2005.  Noting that the IRS is not an entity that can be sued, the United States appeared instead and filed a motion to dismiss on October 11, 2005.  Plaintiff submitted a response on November 14, 2005.  The court will decide the United States' motion on the papers submitted and without oral argument.  See LR 7.1(e)(2) (E.D. Mich. Sept. 8, 1998).

       The United States seeks dismissal of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(5), for lack of subject matter jurisdiction and failure to effect service of process.  The court lacks jurisdiction because Plaintiff has failed to timely or properly

effect service of process upon the United States under Rule 4(i), which requires service upon the United States attorney for the Eastern District of Michigan and the Attorney General. See also Fed. R. Civ. P. 4(m) (requiring service within 120 days of filing of complaint). Nearly a year after he filed his complaint, Plaintiff mailed it to the IRS appeals office in Detroit, which is not timely or proper service. See Fed. R. Civ. P. 4(i), 4(m).

Further, the court lacks jurisdiction because Plaintiff has not met the jurisdictional prerequisites for filing a tax refund action. See 26 U.S.C. § 7422. A taxpayer wishing to sue in district court for a refund must have paid the full assessment in question before bringing suit. Flora v. United States, 357 U.S. 63 (1958), aff'd on reh'g, 362 U.S. 145 (1960). The taxpayer also must have filed the same claim with the IRS and may file a refund suit in district court only if the IRS has rejected the administrative claim or disregarded it for over six months. 26 U.S.C. § 7422(a); 26 U.S.C. § 6532(a)(1). Plaintiff's complaint states that there is a tax "lien on my Social Security," which indicates that Plaintiff has not fully paid his tax liabilities. See 26 U.S.C. §§ 6321, 6322. Accordingly, this court lacks jurisdiction over this action.[1]

In addition, the court notes that Plaintiff's complaint raises the same issues that Plaintiff asserted in a previous complaint filed before this court on November 8, 2000. (See Case No. 00-74933). The court dismissed that suit on April 17, 2001, for failure to state a claim, failure to effect service, and lack of jurisdiction. Therefore, it appears that Plaintiff's most recent

---

[1] These requirements are jurisdictional because the United States, as sovereign, may not be sued without its consent, and the terms of consent define a federal district court's jurisdiction to hear the suit. United States v. Testan, 424 U.S. 392, 399 (1976). Thus, no suit may be maintained against the United States unless it is brought in compliance with a specific statute under which the United States has consented to suit. Id.

complaint is barred by the doctrine of res judicata, which precludes the subsequent re-litigation of issues that have been adjudicated between the same parties.  See Bittinger v. Tecumseh Prods. Co., 123 F.3d 877, 879-80 (6th Cir. 1997).

For the above reasons, IT IS HEREBY ORDERED that the United States' October 11, 2005 Motion to Dismiss is GRANTED and that Plaintiff's Complaint is DISMISSED.

        s/John Corbett O'Meara
        John Corbett O'Meara
        United States District Judge

Dated:  January 24, 2006